IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA ENTERLINE | Civil Action |
| Plaintiff, | No. 3:08-cv-01934-ARC |
| v. | |
| | Honorable A. Richard Caputo, J. |
| POCONO MEDICAL CENTER | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL AND FOR SANCTIONS**

AND NOW comes Plaintiff, by and through her undersigned counsel, and submits this Memorandum of Law in Support of her Motion to Compel and for Sanctions against Respondent, Ottaway Newspapers, Inc., t/d/b/a The Pocono Record:

I.   **Factual and Procedural Background**

Plaintiff initiated this action against Defendant to seek redress for unlawful sexual harassment and retaliation. On October 9, 2008, Respondent published an article about Plaintiff's lawsuit on its website.[1] In response to that article, a number of individuals posted comments on the website. A number of the comments posted indicate that the individual commenting possessed first-hand knowledge regarding Plaintiff's claims.

On October 30, 2008, Plaintiff served upon Respondent a subpoena *duces tecum* seeking information relating to the identities of the individuals who posted comments on Respondent's website. On November 3, 2008, Plaintiff counsel was contacted by Gail C. Gove, Esquire, counsel for Respondent, seeking additional time in which to respond to the subpoena. Plaintiff's

---
[1] http://www.poconorecord.com/apps/pbcs.dll/article?AID=/20081009/NEWS/810090330

counsel advised that if Respondent needed additional time to compile the responsive documents, he would grant the request. On November 6, 2008, Plaintiff's counsel received a letter from Attorney Gove refusing to provide any documents in response to the subpoena.

## II. Legal Argument

Respondent's objections to the subpoena are utterly meritless and should be overruled.

### a. *Respondent lacks standing to assert First Amendment rights on behalf of third-parties.*

As Respondent lacks standing to assert First Amendment Rights on behalf of the individuals posting on its website, it must be compelled to comply with the subpoena. In its letter of November 6, 2008, Respondent cites a number of cases in which various courts around the country (albeit none in this District), address the issue of anonymous internet posting. What Respondent fails to admit, however, is that the anonymous poster was a party to each and every of those actions. In this matter, Respondent attempts to assert the privilege on behalf of other citizens.

The doctrine of "prudential standing" "embodies judicially self-imposed limits on the exercise of federal jurisdiction." *Elk Grove School District v. Newdow*, 542 U.S. 1, 11, 124 S. Ct. 2301, L.Ed. 2d 98 (2004). "The plaintiff must show that the conduct of which he complains has caused him to suffer an "injury in fact" that a favorable judgment will redress." *Id.*, at 12. In *Newdow*, the Supreme Court held that a non-custodial parent lacked standing to assert First Amendment rights on behalf of his daughter. In this matter, the connection between the rights and the Respondent is far more attenuated. Respondent merely operates a website that allows anyone to post comments anonymously. The First Amendment rights of Respondent are not at issue, and Respondent has no basis to assert objections on behalf of individuals not present.

### b. *Plaintiff can establish that disclosure of the information sought is proper.*

Even if, *arguendo*, Respondent did have to right to assert First Amendment rights on behalf of its readers, Plaintiff has met the requirements set forth in *Doe v. 2TheMart.com*, 140 F.Supp. 2d 1088 (W.D. Wash. 2001) and other cases establishing various tests for disclosure of the names of anonymous posters. Courts in this District have not yet adopted any particular standard for identifying when it is appropriate to disclose the names of authors of anonymous online writers. However, in a well-regarded decision, the U.S. District Court for the District of Washington set forth the following test:

> The Court will consider four factors in determining whether the subpoena should issue. These are whether: (1) the subpoena seeking the information was issued in good faith and not for any improper purpose, (2) the information sought relates to a core claim or defense, (3) the identifying information is directly and materially relevant to that claim or defense, and (4) information sufficient to establish or to disprove that claim or defense is unavailable from any other source.

*2TheMart.com*, 140 F. Supp. 2d at 1095. In this matter, Plaintiff issued the subpoena to identify witnesses who, based upon their online posting, might have relevant knowledge of Plaintiff claims. This is certainly a proper purpose for the issuance of a subpoena. The information sought by Plaintiff will, hopefully, lead to statements or testimony concerning sexual harassment and retaliation in Defendant's hospital. Such statements or testimony are directly related to Plaintiff's claims of sexual harassment and retaliation. Finally, as only Respondent has the identifying information relating to the anonymous posters, the information sought is unavailable from any other source.

In light of the four factors set forth in *2TheMart.com*, it is clear that such a test leans strongly in favor of disclosure in this matter, and Respondent must be compelled to produce all responsive documents.

c.    *The Reporters' Privilege does not apply.*

Respondent also refuses to produce responsive documents on the basis that they are protected from disclosure by the Reporters' Privilege. Pursuant to 42 P.S. § 5942(a):

> No person engaged on, connected with, or employed by any newspaper of general circulation or any press association or any radio or television station, or any magazine of general circulation, for the purpose of gathering, procuring, compiling, editing or publishing news, shall be required to disclose the source of any information procured or obtained by such person, in any legal proceeding, trial or investigation before any government unit.

In support of its reliance on this statute, Respondent cites a single, unreported case from Clackamas County, Oregon. However, no other court in this country has ever held that a privilege shielding journalists from disclose confidential sources should apply to protect a newspaper from disclosing the name of an individual who was acting not as a source, but as a journalist. The Shield Law does not allow a newspaper to publish anonymous stories to protect its reporters from liability for defamation. Similarly, the Shield Law should not apply to prevent the disclosure of the names of individuals who voluntarily posted comments on a public website.

d.    *The subpoena is not unduly burdensome.*

Respondent claims that the subpoena issued was unduly burdensome. This claim is ridiculous. All Plaintiff seeks is identifying information about eight (8) individuals who signed up for Respondent's website. The statements that each individual made are not at issue, as Plaintiff has not requested this information. In addition, with regard to the timing of the responses, Plaintiff's counsel informed Respondent's counsel that if Respondent sought additional time to compile the documents, an extension of time would be provided.

e.    *The subpoena was not untimely*

Finally, Respondent argues that the subpoena was not timely, as the parties to the lawsuit had not yet filed a report pursuant to Fed.R.Civ.P. 26(f). This argument is meritless for two reasons. First, Respondent lacks standing to raise the issue of a 26(f) meeting. Second, third-party subpoenas are not subject to the rules governing the timing of discovery in federal civil matter. *See e.g., City of St. Petersburg v. Total Containment, Inc.*, 2008 U.S. Dist. LEXIS 26735, *15, fn. 7 (E.D. Pa. May 5, 2008 (Stengel, J.). As such, Respondent's claim is without merit and must be disregarded.

### III.    Conclusion

In light of the foregoing, Plaintiff, Brenda Enterline, respectfully requests that this Honorable Court grant this Motion to Compel and for Sanctions and enter an Order compelling Respondent to provide complete responses to Plaintiff subpoena *duces tecum* within ten (10) days.

                Respectfully submitted,

                TIMOTHY M. KOLMAN AND ASSOCIATES

By:   /s/ Rufus A. Jennings
       Rufus A. Jennings, Esquire
       Attorney for Plaintiff
       225 North Flowers Mill Road
       Langhorne, PA 19047
       (215) 750-3134

November 10, 2008